J-S74013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYREEK WILSON, | |
| Appellant | No. 3075 EDA 2013 |

Appeal from the Judgment of Sentence Entered April 30, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001718-2012

BEFORE:  BENDER, P.J.E., DONOHUE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.003A          **FILED DECEMBER 23, 2014**

Appellant, Tyreek Wilson, appeals from the judgment of sentence of a term of life imprisonment.  Appellant challenges the admission of testimony introduced at his trial, which he alleges was irrelevant, or, in the alternative, unfairly prejudicial.  We affirm.

Appellant proceeded to a jury trial on February 3, 2013.  The facts adduced at trial were as follows:

> Dwayne Smith was murdered on October 16, 2011, near the intersection of Kent Street and Hyatt Street in the Sun Village section of Chester, Pennsylvania.  At trial, the victim's wife, Yvette Smith, testified that the victim left his primary residence in order to finish removing personal effects from his former residence, located at 1009 Hyatt Street, at approximately 7:30 a.m. on the morning of October 16, 2011.  Officer Doug Staffelbach of the City of Chester Police Department testified

---

[*] Retired Senior Judge assigned to the Superior Court.

that, on the morning of October 16, at approximately 8:15 a.m., he responded to two dispatches. The first reported shots fired in the area near the intersections of 10th Street and Hyatt Street, and 10th Street and McDowell Avenue. The second dispatch indicated that there was a subject down in the same area. Officer Staffelbach then discovered the victim, Dwayne Smith, dead at the scene. The post-mortem report, supported by the testimony of Medical Examiner Frederick Hellman, confirmed the official cause of death as multiple gunshot wounds.

An acquaintance of [Appellant], Rondale Van, testified that on the day of the murder, he saw [Appellant] standing near an alleyway behind Van's property, with the victim approaching in the same direction from across the street. When Van turned to reenter his home, he heard three to four gunshots and immediately spotted [Appellant] running through the alleyway. Steven Couch, another acquaintance of [Appellant], testified that he conversed with [Appellant] following the murder of their mutual friend, Marvin Fitzgerald, which occurred approximately two weeks prior to the murder of Dwayne Smith. According to Couch, [Appellant] made several remarks indicating his desire to seek revenge on Fitzgerald's killer. Additionally, following Smith's murder, [Appellant] suggested he was responsible for Smith's death, stating that he did not want his friend Fitzgerald to "die alone."

To rebut the testimony of the Commonwealth's witnesses, [d]efense counsel called Edna Wilson, the grandmother of [Appellant], as an alibi witness. On the morning of October 16, Wilson was in her home at 1026 McDowell Avenue, located a few hundred yards from the scene of the shooting. After taking a shower, Wilson entered her bedroom and briefly seated herself on the bed before hearing the gunshots. Wilson then testified that she immediately checked the time on her television, noted it was 8:15 a.m., and walked to her hallway. Wilson then shouted downstairs that she heard gunshots, and was answered by an unseen individual who she claimed to be [Appellant]. Prior to trial, the Commonwealth administered an interview of Wilson in preparation for her testimony as an alibi witness. According to her statement to police, Wilson has a rule in her home, of which all her grandchildren were aware. Wilson was adamant that nothing illegal, whether firearms or drugs, were allowed in her home at any time.

Trial Court Opinion (TCO), 7/2/14, at 2 – 3 (citations to the record omitted).

Appellant was convicted of first degree murder and possessing an instrument of crime on February 8, 2013. On April 20, 2013, Appellant was sentenced to a term of life imprisonment, and a consecutive term of 2½ to 5 years' incarceration. He filed a timely notice of appeal, as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant now presents the following question for our review:

I.    Whether the [t]rial [c]ourt erred when it denied [Appellant's] motion *in limine* to preclude references made by his grandmother, Edna Wilson, regarding her general rule that guns and drugs are not permitted in her house since any probative value it may have had was outweighed by the prejudice it would cause by implying to the jury that [Appellant] had previously brought these items into her home?

Appellant's brief at 5.

We review claims of evidentiary error under the following standard:

The admission of evidence is solely within the province of the trial court, and a decision thereto will not be disturbed absent a showing of an abuse of discretion. "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias[,] or ill-will discretion ... is abused."

***Commonwealth v. Murray***, 83 A.3d 137, 155-56 (Pa. 2013) (internal citations omitted).

Appellant first argues the trial court erred in permitting Wilson to testify about her "house rule" barring guns and drugs from her residence,

- 3 -

because that testimony was not relevant. He also contends it was impermissible evidence regarding alleged prior bad acts. **See** Pa.R.E. 404(b)(1) (providing that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character").

Wilson described her "house rule" to the police during an interview conducted as part of their homicide investigation. Prior to trial, Appellant filed a motion *in limine* seeking to exclude testimony regarding Wilson's "house rule." The trial court denied this motion. Appellant's counsel then introduced Wilson as a defense witness at trial. During his questioning of Wilson, he solicited testimony about the "house rule." The Commonwealth did not inquire about the "house rule" on-cross examination.

Even if the statement were admitted in error, we believe the harmless error doctrine applies.

> Error is considered to be harmless where: 1) the error did not prejudice the defendant or the prejudice was *de minimis*; or 2) the erroneously admitted evidence was merely cumulative of other, untainted evidence which was substantially similar to the erroneously admitted evidence; or 3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

**Commonwealth v. Williams**, 573 A.2d 536, 538-539 (Pa. 1990).

First, we note that it was Appellant, and not the Commonwealth, who introduced evidence to the jury regarding this rule. Moreover, Wilson

unequivocally testified that she had never seen Appellant bring contraband into her home. N.T., 2/7/13, at 191. Consequently, even assuming the trial court admitted this evidence in error, that error did not prejudice Appellant.

Moreover, as observed by the trial court,

> Overall, [] Wilson's testimony regarding her house rules was not pivotal to [Appellant's] case as a whole. The concern of unfair prejudice caused by the existence of a house rule was overshadowed by the testimony placing [Appellant] near the scene of the crime. In this sense, the testimony of the alibi witness corroborated the testimony of the Commonwealth's witnesses, a risk of which [Appellant] was very aware. Taken as a whole, it is likely the jury's attention was not focused on the existence of a house rule, but rather on [Appellant's] being placed only one hundred yards from the murder.

TCO at 8. We agree the properly admitted evidence of Appellant's guilt was so overwhelming, and the prejudicial effect of any error so insignificant by comparison, that any testimony about the "house rule" could not have contributed to the jury's verdict.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/23/2014